IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE HORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 14-cv-9561 |
| | ) | |
| KIMBERLY BUTLER, Warden, and | ) | |
| ADAM MONREAL, Chairman of the | ) | Judge John Z. Lee |
| Prisoner Review Board, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Eugene Horton, an Illinois prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that the Illinois Prisoner Review Board's 2014 decision to deny him parole violated various constitutional and state law provisions and that he is actually innocent of the murder for which he was convicted. Respondents Kimberly Butler, Warden of Menard Correctional Center, and Adam Monreal, Acting Chairman of the Prisoner Review Board, respond that Horton fails to state an adequate claim for relief. For the reasons given below, the Court denies some of Horton's claims on the merits and dismisses the rest.

### I. Factual and Procedural Background

In 1971, Horton was convicted of murder in the Circuit Court of Cook County. He was sentenced to 100 to 150 years of imprisonment. *See People v. Horton*, 304 N.E.2d 21, 23 (Ill. App. Ct. 1973); Pet. Writ Habeas, Ex. C, Prisoner Review Board Rationale, ECF No. 1. He has unsuccessfully challenged this conviction with at least

1

two previous habeas corpus petitions under 28 U.S.C. § 2254. *See U.S. ex rel. Horton v. Detella*, No. 95-cv-3232, 1996 WL 543320, at *1 (N.D. Ill. Sept. 23, 1996).

Horton has also sought to be released on parole. When the Illinois Prisoner Review Board denied his 1982 parole request, Horton challenged that decision in a petition under § 2254, claiming that his parole hearing had not complied with the requirements of due process. The district court agreed with Horton and granted the petition, ordering a new parole hearing. *See Horton v. Irving*, 553 F. Supp. 213, 218 (N.D. Ill. 1982). The basis for the court's decision was *U.S. ex rel. Scott v. Illinois Parole and Pardon Board*, 669 F.2d 1185 (7th Cir. 1982), in which the Seventh Circuit had held that due process protections apply in Illinois's parole hearings because the governing statute created a presumption of release. *Id.* at 1190. At the time *Scott* was decided, there was "no authoritative state court decision" interpreting the relevant portion of Illinois's parole statute. *Id.* at 1189.

Following the district court's grant of Horton's petition, the Prisoner Review Board held a second parole hearing. This hearing went Horton's way, and he was released on parole. But within a few months he was arrested for armed robbery. Pet., Ex. C, Prisoner Review Board Rationale. He was subsequently convicted of the robbery in the Circuit Court of Cook County and sentenced to an additional sixty years of imprisonment. *Id.* Naturally, his parole was also revoked.

In 2014, Horton sought parole once more. After holding a hearing, the Prisoner Review Board denied his request, citing a poor disciplinary record and concerns about his respect for the law. *Id.* Horton then filed his current petition

under § 2254. In it, he challenges the denial of his 2014 parole request on several grounds. He also challenges his conviction for murder, but he does not challenge his armed robbery conviction.

## II. Discussion

Construing Horton's petition liberally, the Court understands him to be asserting five claims:

1) His 2014 parole hearing did not comply with the requirements of due process.

2) The Prisoner Review Board's decision to deny him parole violated the Ex Post Facto Clause of the Constitution.

3) Aspects of the parole hearing violated Illinois statutes.

4) He is actually innocent of murder.

5) His confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment.

To succeed on any of these claims, Horton must have first exhausted all state remedies available to him. 28 U.S.C. § 2254(b)(1), (c); *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016). He appears to have exhausted his state remedies with respect to some of his claims, but he clearly has not done so with respect to others. For example, his actual innocence claim appears to have completed its journey though state court. *See People v. Horton*, 2013 IL App (1st) 112370-U, ¶¶ 17–20 (June 7, 2013) (concluding that the evidence Horton currently offers would be insufficient to overturn his murder conviction). But he is still litigating the claims

concerning his parole denial in state court. *See* Pet. at 6. Horton's unexhausted claims could be dismissed on that basis, but the Court will address them further to avoid inviting a future petition asserting unmeritorious claims. *See* 28 U.S.C. § 2254(b)(2) (allowing claims to be decided on the merits "notwithstanding the failure of the applicant to exhaust").

A. **Due Process**

Horton argues that his 2014 parole hearing denied him due process in multiple ways. For example, he contends that the Prisoner Review Board improperly conducted the proceeding without first ensuring that he had received appropriate treatment for his post-traumatic stress disorder, thereby causing him to provide the Board with "inaccurate information." Pet. at 8. He also contends that the Board ignored certain factors favoring his release and that it refused to consider certain crucial evidence, including another person's confession to the murder for which Horton is incarcerated. *Id.* at 9–11. And he asserts that the Board's decision to deny him parole was improperly based on his litigation history and other illegitimate considerations. *Id.* at 10–11.

Although the Court presumes at this stage that Horton's characterization of the hearing is accurate, his due process claims must be rejected. A parole hearing carries no due process protection unless it creates a legitimate expectation of parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979). And, since 1998, the Seventh Circuit has recognized that Illinois parole hearings do not. *See Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1027 (7th Cir. 1998)

(citing *Hanrahan v. Williams*, 673 N.E.2d 251, 255–57 (Ill. 1996)). The Seventh Circuit understood Illinois parole hearings to create such an expectation at the time of Horton's successful 1982 petition, *see Scott*, 669 F.2d at 1190, but since that time the Illinois Supreme Court has explicitly held the opposite, *see Heidelberg*, 163 F.3d at 1027. As a result, Horton cannot premise a due process claim on an Illinois parole hearing, and these claims are denied. *See id.*

**B. Ex Post Facto**

Horton claims that his parole hearing violated the Constitution's prohibition on *ex post facto* laws. A law violates the Ex Post Facto Clause if it "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Cummings v. Missouri*, 71 U.S. 277, 278 (1866). Parole statutes and regulations are subject to scrutiny under the Ex Post Facto Clause, but no violation of the clause can occur without a change in the law. *Grennier v. Frank*, 453 F.3d 442, 444–45 (7th Cir. 2006). Horton, however, identifies no change in the law governing parole hearings in Illinois. He may mean to object to the Seventh Circuit's decision in *Heidelberg*, which overruled *Scott*, but that change was not a change in Illinois law. Rather, in *Heidelberg*, the Seventh Circuit simply recognized that it had previously misinterpreted Illinois law. Because there has been no change in Illinois law applied retroactively to Horton, this claim must be denied.

### C. Violation of Illinois Statutes

Horton claims that his 2014 parole hearing violated certain Illinois statutes. But "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Relief can be granted "only on the ground that [the prisoner] is in custody in violation of the *Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Accordingly, the Court may not grant relief on Horton's state law claims, and he has provided no basis for concluding that the purported state law violations violated federal law as well. These claims are thus denied.

### D. Actual Innocence

Horton claims that he should be released because he is actually innocent of the murder for which he is imprisoned. In support of this claim, Horton has submitted a 2008 affidavit by George Horton, a co-defendant in his murder case. Reply, Ex. A., George Horton Aff., ECF No. 20. George, who is also Horton's brother, swears that Horton took no part in the murder. *Id.* He also swears that Horton wanted to leave the scene but stayed because George threatened him. *Id.*

The Court, however, is not permitted to reach the merits of Horton's actual innocence claim because this is not the first time he has challenged his murder conviction with a petition under § 2254. *See Horton*, 1996 WL 543320, at *1. Although his earlier petition was not based on actual innocence, all successive habeas petitions—whether on new grounds or old—require the applicant to "move in the appropriate court of appeals for an order authorizing the district court to

6

consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Horton has received no such authorization from the Seventh Circuit, his actual innocence claim must be dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

E. **Eighth Amendment**

In support of his Eighth Amendment claim of cruel and unusual punishment, Horton argues generally that Menard Correctional Center is unfit to house him because of his age and poor mental health. He relies on the minutes of an Illinois Department of Corrections Adult Advisory Board Meeting from 2013, highlighting the Advisory Board's acknowledgment that prison resources are constrained and that facilities are "not overcrowded but crowded." Pet., Ex. D, Advisory Board Minutes, at 19.

Habeas corpus claims, however, must challenge the petitioner's imprisonment itself. "[H]abeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). As a result, Horton's Eighth Amendment claim would be cognizable only under 42 U.S.C. § 1983 and not under 28 U.S.C. § 2254. Although in some instances it is appropriate for the Court to construe a nominal habeas claim as a § 1983 claim, such recharacterization is permissible only if the petitioner "names the correct defendants and seeks the correct relief." *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). Here, Horton seeks only release from custody, which is not an available remedy for a claim concerning the conditions of his confinement. *See id.* at 387 ("[I]f

7

an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."). This claim is dismissed without prejudice.

### III. Conclusion

Horton's due process claims, *ex post facto* claim, and claims premised on violations of state law are denied on the merits. His actual innocence claim is dismissed for lack of jurisdiction. Finally, his Eighth Amendment claim is dismissed without prejudice and may be brought in a lawsuit under 42 U.S.C. § 1983. Having concluded that reasonable jurists would agree with this outcome, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED**  ENTER: 1/3/17

_____

**JOHN Z. LEE**
**United States District Judge**